UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, TOZZI, and HAM
 Appellate Military Judges

 UNITED STATES, Appellee
 v.

 Private E1 LAMONT K. GOODWIN
 United States Army, Appellant

 ARMY 20080816

 Headquarters, I Corps and Fort Lewis
 John Head, Military Judge
 Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant: Major Grace M. Gallagher, JA; Captain Jess B. Roberts, JA
(on brief)

For Appellee: Pursuant to A.C.C.A Rule 15.2, no response filed.

 21 April 2009

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 On 5 September 2008, a military judge convicted appellant, pursuant to
his pleas, of making a false official statement and larceny in violation of
Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 890
and 921 [hereinafter UCMJ]. The military judge sentenced appellant, inter
alia, to pay the United States a fine of $3800 but recommended the fine be
disapproved by the convening authority if full restitution was made prior
to action.

 Two weeks later, on 19 September 2008, appellant’s trial defense
counsel submitted a request for deferment of automatic and adjudged
forfeitures to the convening authority via the Staff Judge Advocate. The
convening authority, however, did not act on appellant’s request for
deferment until 22 January 2009; the same day he took action on appellant’s
case. Ultimately, the convening authority denied appellant’s request for
deferment and approved a sentence that included the $3800 fine.

 This case is before the court for review pursuant to Article 66, UCMJ.
 Appellant asserts, in matters he submitted pursuant to United States v.
Grostefon, 12 M.J. 431 (C.M.A. 1982), that his ability to pay restitution
was inhibited by the failure of the government to process the deferment
request in a timely manner and, therefore, the convening authority could
not have properly considered the military judge’s recommendation to waive
the adjudged fine. We agree.

 Our court has held that “requests for deferment of confinement,
forfeitures, or reductions in grade must be processed expeditiously.”
United States v. Kolodjay, 53 M.J. 732, 734-35 n. 5 (Army Ct. Crim. App.
1999). In this case, over four months elapsed between the submission of
the request for deferment and presentation of the request to the convening
authority. During that time, appellant’s trial defense counsel repeatedly
requested a status on the request. Trial defense counsel was initially
informed the request was misplaced and then told that the convening
authority would take action on the request in December 2008. Finally, the
convening authority was incorrectly informed the request, dated 19
September 2008, was submitted by appellant’s defense counsel on 21 January
2009. The processing of appellant’s request was neither efficient nor
expeditious. Furthermore, we find appellant articulated harm and
demonstrated a “colorable showing of possible prejudice” to a substantial
right. United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998).
Because the government failed to present the deferment request until
action, appellant was precluded from making an argument for clemency with
respect to the $3800 fine.

 We will exercise our “broad power to moot claims of prejudice by
‘affirming only such findings of guilty and the sentence or such part or
amount of the sentence, as [we find] correct in law and fact and
determine[], on the basis of the entire record, should be approved.’”
Wheelus, 49 M.J. at 288 (citing Art. 66(c), UCMJ).

 The findings of guilty are affirmed. Reassessing the sentence after
considering the entire record, including the error noted herein, the court
affirms only so much of the sentence as provides for a bad-conduct
discharge and confinement for eight months. All rights, privileges, and
property of which appellant has been deprived by virtue of that portion of
his sentence set aside by this decision are ordered restored. See UCMJ
arts. 58b(c) and 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court